**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IAN CARLISLE TROTMAN,<br>*Plaintiff*,<br>v.<br>TRANSUNION, LLC, *et al.*,<br>*Defendants*. | Civil Action No. 25 - 1665 (LLA) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ian Carlisle Trotman, proceeding pro se, brings this action against Transunion, LLC ("Transunion") and Equifax Information Services, LLC ("Equifax"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*[1] ECF No. 48. Defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 49. The motion is fully briefed. ECF Nos. 49, 52 to 54. Mr. Trotman has filed a surreply, ECF No. 55, which the court construes as a motion for leave to file a surreply. Also pending are Mr. Trotman's motion and renewed motion for a hearing and to set discovery deadlines, ECF Nos. 57, 58, and motion for a preliminary injunction, ECF No. 59. For the reasons explained below, the court grants Mr. Trotman's motion for leave to file a surreply, grants Defendants' motion to dismiss but grants Mr. Trotman leave to file a second amended complaint within thirty days, and denies Mr. Trotman's remaining motions as moot.

[1] Mr. Trotman also sued Experian Information Solutions, Inc. ("Experian"), ECF No. 48, but the two parties subsequently filed a joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), ECF No. 56, and the court dismissed Mr. Trotman's claims against Experian with prejudice, Mar. 17, 2026 Minute Order.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following factual allegations drawn from Mr. Trotman's amended complaint, ECF No. 48, are accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151-52 (D.C. Cir. 2015) (per curiam). Mr. Trotman is a consumer whose credit information is "collect[ed], maintain[ed], and disseminate[d]" by Defendants, which operate as credit reporting agencies. ECF No. 48 ¶ 9. Beginning in October 2018, Defendants began including "inaccurate, incomplete, and unverifiable information" on Mr. Trotman's credit report. *Id.* ¶ 10. The information concerned Mr. Trotman's student loans with the Department of Education and Nelnet, his car loan with Bridgecrest Credit Company, his Military Star Card/Airforce Exchange account, his PHH Mortgage Services account, and his Capital One and Bank of America credit cards. *Id.* Mr. Trotman disputed the inaccurate information on several occasions, *id.* ¶ 11, but Defendants did not make any corrections, *id.* ¶¶ 12, 13. According to Mr. Trotman, Defendants' errors and omissions have negatively affected his ability to obtain a mortgage and secure stable housing, caused him to accept a higher interest rate on a car loan, and resulted in the denial of several credit card applications. *Id.* ¶ 22.

In April 2025, Mr. Trotman filed an action in the Superior Court of the District of Columbia against Transunion, Equifax, and Experian. *See* Compl., *Trotman v. Transunion LLC, Off. of Gen. Couns.*, No. 2025-CAB-2674 (D.C. Super. Ct. Apr. 26, 2025). Transunion subsequently removed the case to this court, ECF No. 1, and filed a motion to dismiss, ECF No. 11, in which Experian and Equifax joined, ECF Nos. 22, 25. Mr. Trotman then moved for a preliminary injunction, ECF No. 18, to amend the complaint, ECF No. 19, and for various other relief, ECF Nos. 20, 27 to 29, 34, 36, 39. In October 2025, the court granted Mr. Trotman leave to file an amended complaint and denied his pending motions. ECF No. 42.

Mr. Trotman brings two FCRA claims in his amended complaint: (1) that Defendants failed to maintain reasonable procedures to ensure the accuracy of his credit reports, in violation of 15 U.S.C. § 1681e(b) (Count I); and (2) that Defendants failed to conduct a reasonable reinvestigation of certain disputed information on his credit report, in violation of 15 U.S.C. § 1681i (Count II).[2] ECF No. 48 ¶¶ 14-21. He seeks $15 million in compensatory damages, punitive damages to deter Defendants from violating the FCRA again, and an injunction "requiring Defendants to correct the inaccurate information on [his] credit reports" and "implement reasonable procedures" for ensuring the accuracy of reported information. *Id.* at 4-5.[3]

Defendants filed a motion to dismiss the amended complaint. ECF No. 49. Mr. Trotman then filed an opposition, ECF No. 52, before the court issued a *Fox*/*Neal* order. The court subsequently issued a *Fox*/*Neal* order allowing Mr. Trotman to file a second brief in opposition to the motion to dismiss and advising him of the consequences of failing to do so. ECF No. 50. Mr. Trotman filed his second opposition, ECF No. 53, Defendants filed a reply, ECF No. 54, and Mr. Trotman filed a surreply, ECF No. 55, which the court construes as a motion seeking leave to file a surreply. Mr. Trotman has also filed a motion and renewed motion for a hearing and to set discovery deadlines, ECF Nos. 57, 58, as well as a second motion for a preliminary injunction, ECF No. 59; *see* ECF No. 61, which Defendants oppose, ECF No. 60.

---

[2] Mr. Trotman filed his amended complaint the same day the court granted him leave to do so, but before the court mailed its order to his address of record. *See* ECF Nos. 47, 48. In November 2025, Mr. Trotman filed a second amended complaint that is identical to his first amended complaint and is currently pending as a request for leave to file. *See* ECF No. 51. Because the court considers the merits of Mr. Trotman's first amended complaint, the court will deny Mr. Trotman's request for leave to file a second amended complaint as moot.

[3] When citing ECF No. 48, the court refers to the CM/ECF-generated numbers at the top of each page.

## II. LEGAL STANDARDS

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion under Rule 12(b)(6), a court accepts all well-pleaded factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

Pleadings by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court therefore "liberally construe[s]" the amended complaint and all pro se filings. *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Brown*, 789 F.3d at 151-52. This liberal construction "is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). Thus, "the complaint must still present a claim on which the Court can grant relief" in order to defeat a motion to dismiss under Rule 12(b)(6). *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (internal quotation marks omitted) (quoting *Budik v. Dartmouth-Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013)).

## III. DISCUSSION

### A. Mr. Trotman's Proposed Surreply

While surreplies are "generally disfavored," *Kifafi v. Hilton Hotels Ret. Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010), *aff'd*, 701 F.3d 718 (D.C. Cir. 2012), "[i]t is within the court's authority to grant leave to file a sur-reply when 'the party making the motion would [otherwise] be unable to contest matters presented to the court for the first time in the opposing party's reply,'" *Lopez v. Council on Am.-Islamic Rels. Action Network, Inc.*, 657 F. Supp. 2d 104, 108 (D.D.C. 2009) (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)), *aff'd*, 383 F. App'x 1 (D.C. Cir. 2010) (per curiam). "[A] surreply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties." *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012) (per curiam). For a surreply to be appropriate, the opposing party's reply must have raised "truly new" arguments. *THEC Int'l-Hamdard Cordova Grp.-Nazari Constr. Co., Ltd. Joint Venture v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 6 (D.D.C. 2018) (quoting *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002)). The court also considers "whether the movant would be unduly prejudiced were leave to be granted." *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014) (quoting *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012)). Ultimately, "[t]he decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004).

Mr. Trotman failed to seek leave to file a surreply, let alone argue why leave would be warranted. ECF No. 55. Instead, he simply docketed his proposed surreply. *Id.* The court is disinclined to grant leave to a movant who has not asserted that he satisfies the applicable legal

standard. Nevertheless, given Mr. Trotman's pro se status—and the fact that consideration of the surreply would not prejudice Defendants because the surreply "does not introduce any new facts that would change the outcome" of Defendants' motion to dismiss, *Tsai v. United States*, No. 23-CV-2392, 2025 WL 823891, at *4 (D.D.C. Mar. 14, 2025) (quoting *Amissah v. Gallaudet Univ.*, No. 19-CV-679, 2022 WL 4016592, at *7 (D.D.C. Sep. 2, 2022))—the court will exercise its discretion to grant what it has construed as Mr. Trotman's motion for leave to file a surreply.

### B. Defendants' Motion to Dismiss

Section 1681e(b) of the FCRA requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information" in a consumer's credit report. 15 U.S.C. § 1681e(b). Under Section 1681i, once a consumer disputes "the completeness or accuracy of any item of information" contained in his file at a credit rating agency, the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate" and, if so, take certain remedial measures. *Id.* § 1681i(a)(1)(A). When a credit reporting agency negligently or willfully violates a duty imposed by the FCRA, the aggrieved consumer has a private right of action against the agency. *Id.* §§ 1681n (cause of action for willful noncompliance), 1681o (negligent noncompliance).

Defendants assert that Mr. Trotman has failed to state FCRA claims for several reasons. First, Defendants contend that Mr. Trotman's amended complaint is "conclusory and unsupported by the requisite factual allegations" to survive a motion to dismiss, ECF No. 49-1, at 4, because Mr. Trotman did not allege "*any* inaccuracy in any of [their credit] reporting," *id.* at 5. Second, Defendants seek dismissal of Mr. Trotman's Section 1681e(b) claim because Mr. Trotman did not allege facts concerning Defendants' procedures or any connection between the procedures and any inaccurate information in a credit report. *Id.* at 5-6. Third, Defendants maintain that

Mr. Trotman's Section 1681i reinvestigation claim must be dismissed for failure to plausibly describe how Defendants mishandled the reinvestigation. *Id.* at 6-7. Finally, Defendants ask the court to dismiss Mr. Trotman's request for injunctive relief because they argue such relief is not available under the FCRA. *Id.* at 7-8. The court agrees with Defendants' first argument and dismisses Mr. Trotman's amended complaint without prejudice but grants him leave to file a second amended complaint.[4]

As Defendants contend, the amended complaint lacks critical details about purported inaccuracies in Mr. Trotman's credit reports. Although the D.C. Circuit has not addressed the question, other federal courts of appeals have held that both Section 1681e(b) and Section 1681i require a plaintiff to allege that the credit reporting agency reported inaccurate information. *See Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 536 (6th Cir. 2024) (holding that both provisions require allegations of an inaccuracy and citing cases); *see also Reyes v. Equifax Info. Servs. L.L.C.*, 140 F.4th 279, 285-86 (5th Cir. 2025) (surveying consensus among the federal courts of appeals). Mr. Trotman alleges that he alerted Defendants of "inaccurate, incomplete, and unverifiable information" in their credit reports. ECF No. 48 ¶¶ 10-11. Yet the mere allegation that

[4] Because the court has determined that Mr. Trotman's amended complaint fails to state a claim, it declines to decide at this juncture whether injunctive relief is available under the FCRA. While Defendants correctly cite a Fifth Circuit decision holding that the FCRA precludes such relief, *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268-69 (5th Cir. 2000); ECF No. 49-1, at 7, and further note that most district courts have followed *Washington*, *see Alston v. Equifax Info. Servs., LLC*, No. 13-CV-1230, 2014 WL 6388169, at *3 (D. Md. Nov. 13, 2014) (collecting cases); ECF No. 49-1, at 7, the Sixth Circuit has explained that "*Washington* may be right . . . [,] [b]ut the answer is not free from doubt" because district courts presumptively have authority to issue injunctions and the FCRA contains conflicting negative inferences about the remedies available under the statute, *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 709 (6th Cir. 2009). Because the parties have not fully joined issue on these arguments, *see* ECF No. 49-1, at 7; ECF No. 52, at 4; ECF No. 53, at 2-3; ECF No. 54, at 6, the court will refrain from doing so sua sponte. Instead, Defendants are free to raise this and any other arguments in a motion to dismiss the second amended complaint.

Mr. Trotman's credit reports contained inaccurate information is insufficient to state a claim because the court need not accept his "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Mr. Trotman also lists various credit lines that contain purportedly inaccurate information. ECF No. 48 ¶ 10. But he does not identify the Transunion and Equifax account numbers that correspond to each credit line, *id.* (conceding that the "[a]ccount [numbers] var[y] based on credit reporting agency"), and, more importantly, he fails to specify what information for each account is inaccurate. Without such information, Mr. Trotman has done nothing more than "recit[e] . . . the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

In response to Defendants' motion to dismiss, Mr. Trotman contends that his failure "to specifically identify inaccurate information" should be excused because he is proceeding pro se, "and the rules are different for individuals representing themselves." ECF No. 52, at 2. While it is true that the court must liberally construe his pro se pleadings, Mr. Trotman must still comply with the Federal Rules of Civil Procedure—including the pleading requirements to avoid dismissal under Rule 12(b)(6). *See Jarell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Mr. Trotman then includes in his opposition "a list of inaccuracies" concerning late payments and an incorrect ballon payment. ECF No. 52, at 2. Although the court is mindful of its obligation to consider all of Mr. Trotman's filings, it will not permit Mr. Trotman to amend his complaint through his opposition to Defendants' motion to dismiss.

Instead, the better course is to grant Defendants' motion to dismiss under Rule 12(b)(b), but to do so without prejudice to Mr. Trotman's filing a second amended complaint that cures the factual deficiencies in his first amended complaint. In his opposition to the motion to dismiss, Mr. Trotman requests "leave to amend" his pleading "should the Court find any deficiencies."

ECF No. 52, at 5; *see* ECF No. 53, at 4 (same). Because Defendants are entitled to file a Rule 12 motion in response to a pleading that contains the requisite factual details, the court will grant Mr. Trotman leave to file a second amended complaint rather than consider Mr. Trotman's opposition to the motion to dismiss as an amendment itself. *See Mattiaccio v. DHA Grp., Inc.*, 908 F. Supp. 2d 136, 139 (D.D.C. 2012) (granting the defendant's motion to dismiss but also granting the plaintiff leave to amend his complaint after he had requested the opportunity to do so in his opposition to the motion to dismiss); Opp'n to Mot. to Dismiss at 5, *Mattiaccio*, 908 F. Supp. 2d 136 (No. 12-CV-1249), ECF No. 9; *KLEO AG v. Rivada Networks, Inc.*, No. 22-CV-1664, 2022 WL 22626490, at *2 (D.D.C. Nov. 2, 2022) (granting the defendant's motion to dismiss, "treat[ing] the plaintiff's request to amend its complaint in its opposition brief as a motion for leave to amend the complaint," and granting leave to file an amended pleading).[5]

### C. Mr. Trotman's Remaining Motions

Mr. Trotman's other pending filings include a motion and renewed motion for a hearing and to set discovery deadlines, ECF Nos. 57, 58, and a motion for a preliminary injunction, ECF No. 59. Because the court dismisses his amended complaint for failure to state a claim, there is no need to resolve the remaining motions. *See, e.g.*, *United to Prot. Democracy v. Presidential Advisory Comm'n on Election Integrity*, 288 F. Supp. 3d 99, 116 (D.D.C. 2017) (granting the defendants' motion to dismiss and declining to consider the motion for a preliminary injunction

---

[5] A plaintiff generally cannot "amend his Complaint by way of declaration or assertions in his pleadings." *Mattiaccio*, 908 F. Supp. at 139. As Defendants explain, Mr. Trotman has used his opposition to the motion to dismiss to "add[] allegations not found in the Amended Complaint." ECF No. 54, at 3; *see* ECF No. 52, at 2 (naming accounts with purportedly inaccurate late payment histories). Because Mr. Trotman is proceeding pro se, the court will treat his alternative request—to allow him to amend his pleading—as a motion for leave to file a second amended complaint. ECF No. 52, at 5; ECF No. 53, at 4; *see KLEO AG*, 2022 WL 22626490, at *2.

notwithstanding the court's decision to grant the plaintiffs leave to amend the complaint); *McKee v. U.S. Dep't of Just.*, 253 F. Supp. 3d 78, 80 (D.D.C. 2017) (granting a motion to dismiss and denying a pending motion for a hearing as moot). Accordingly, the court will deny the remaining motions as moot.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion to Dismiss, ECF No. 49, is **GRANTED** and Mr. Trotman's Amended Complaint, ECF No. 48, is **DISMISSED** without prejudice, but Mr. Trotman is granted leave to file a second amended complaint on or before September 25, 2026. It is further **ORDERED** that Mr. Trotman's Motion for Hearing, ECF No. 57, Renewed Motion for Hearing, ECF No. 58, and Motion for Preliminary Injunction, ECF No. 59, are **DENIED** as moot.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date: August 26, 2026